IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUBEN KREHER )<br> )<br>     Plaintiff, )<br> )<br>vs. )<br> )<br>POLARIS INDUSTRIES, INC., A )<br>WASHINGTON CORPORATION )<br> )<br> Serve:  CT Corporation System )<br>     711 Capitol Way South )<br>     Suite 204 )<br>     Olympia, WA 98504 )<br> )<br>and )<br> )<br>SYDENSTRICKER NOBBE PARTNERS, )<br> )<br> Serve:  Person in Charge )<br>     4803 Highway 54 South )<br>     Mexico, MO 65265 )<br> )<br>     Defendants ) | Case No. 3:20-cv-126 |

**COMPLAINT**

**COUNT I**
**(NEGLIGENT FAILURE TO WARN-POLARIS INDUSTRIES, INC.)**

COMES NOW the Plaintiff, Ruben Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count I of his Complaint against the Defendant, Polaris Industries Inc, a Washington corporation, alleges as follows:

1. That at all times relevant herein, the Plaintiff, Ruben Kreher, (hereafter "Kreher") was a resident of Waterloo, Monroe County, Illinois.

2. That at all relevant times herein, the Defendant, Polaris Industries, Inc, (hereafter "Polaris") is a Washington corporation, with its principle place of business in the state of Washington, qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

3. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations, William Nobbe & Company, a defunct Illinois corporation, and Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 and is qualified to do business in Illinois. (hereinafter "Nobbe").

4. That on April 28, 2018, and for some time prior thereto, Defendant Polaris was engaged in the business as a manufacturer of all terrain vehicles which it sold and distributed under the trade name as a 2015 Polaris Sportsman ACE 570 ATV.

5. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold and delivered it to Kreher.

6. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois the ATV for use at his residence.

7. That on the morning that Nobbe sold the above ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries as set forth below.

8. That Polaris owed a duty to purchasers of its ATVs, including Kreher, to distribute it with reasonable care by providing adequate warnings for safe operation of ATV.

9. That Polaris breached its duty to warn by failing to provide adequate instructions for the safe operation of the ATV and/or adequate warnings to Kreher of the dangers of the ATV in one or more of the following respects:

    a. Negligently failed to provide to Kreher at the time he purchased the ATV an Owner's Manual instructing safe operation of the ATV and warning of the dangers when operating the ATV;

    b. Negligently failed to provide to Kreher or review with him at the time he purchased the ATV a Safety Video instructing safe operation of the ATV and warning of the dangers when operating the ATV; and

    c. Negligently failed to review with Kreher at the time he purchased the 2015 ATV driving procedures for the safe operation of the ATV outlined in the Owner's Manual.

10. Polaris had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

11. In the alternative, had Polaris adequately warned Kreher of the danger of the ATV to turn over on him while operating the ATV, which was known to Polaris, but unknown to Kreher at the time of purchase, Kreher would not have purchased the ATV.

12. That as a direct and proximate cause of one or more or all of the foregoing negligent acts and/or omissions of Polaris, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered a C5-C6 fracture cord injury and central canal stenosis; said injuries have caused, and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment

and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff Kreher, prays that a judgment be entered in his favor and against the Defendant, Polaris Industries, Inc. a Washington corporation, for a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

## COUNT II
**(NEGLIGENT FAILURE TO SUPERVISE DEALER-POLARIS INDUSTRIES, INC.)**

COMES NOW, the Plaintiff, Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count II of his Complaint against the Defendant, Polaris, alleges as follows:

13. That at all times relevant herein, the Plaintiff, was a resident of Waterloo, Monroe County, Illinois.

14. That at all relevant times herein, the Defendant, Polaris is a Washington corporation, qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

15. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations, William Nobbe & Company, a defunct Illinois corporation, and Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 and is qualified to do business in Illinois.

(hereinafter "Nobbe").

16. That on April 28, 2018, and for some time prior thereto, Defendant Polaris was engaged in the business as a manufacturer of all terrain vehicles which it sold and distributed under the trade name as a 2015 Polaris Sportsman ACE 570 ATV.

17. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold and delivered it to Kreher.

18. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois the ATV for use at his residence.

19. That on the morning that Nobbe sold the above ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries.

20. Polaris had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

21. That Polaris owed a duty to use reasonable care in the selection, training and supervision of its dealer Nobbe in advertising, marketing and selling its merchandise to ensure potential customers, including Kreher, were provided the required instructions and warnings for safe operation of its merchandise including providing to Kreher the required Safety Video and review the Safety Video with Kreher, on-site instructions, and providing the Owner Manual before allowing a customer to leave the dealership with the product.

5

22. That Polaris breached the aforesaid duty in one or more of the following respects:

a. Negligently failed to use reasonable care in the selection, training and supervision of Nobbe who provided inadequate instructions and familiarization of the ATV to Kreher;

b. Negligently failed to provide required warnings detailed in the Safety Video and in the Owner's Manual, none of which were provided to Kreher when Kreher purchased the ATV, when Nobbe delivered the ATV to Kreher nor before Kreher left the dealership.

23. That as a direct and proximate cause of one or more or all of the foregoing negligent acts and/or omissions of Polaris, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered a C5-C6 fracture cord injury and central canal stenosis; said injuries have caused, and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff, Kreher, prays that a judgment be entered in his favor and against the Defendant, Polaris Industries, Inc. a Washington corporation for a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

## COUNT III
### (STRICT LIABILITY - FAILURE TO WARN-POLARIS INDUSTRIES, INC.)

COMES NOW, the Plaintiff, Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count III of his Complaint against the Defendant, Polaris, alleges as follows:

24. That at all times relevant herein, the Plaintiff, Kreher, was a resident of Waterloo, Monroe County, Illinois.

25. That at all relevant times herein, the Defendant, Polaris is a Washington corporation, qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

26. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations, William Nobbe & Company a defunct Illinois corporation, and Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 which is qualified to do business in Illinois. (hereinafter "Nobbe").

27. That on April 28, 2018 , and for some time prior thereto, Defendant Polaris was engaged in the business as a manufacturer of all terrain vehicles, including an ATV which it sold and distributed under the trade name as a 2015 Polaris Sportsman ACE 570 ATV.

28. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold and delivered it to Kreher.

29. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois the ATV for use at his residence.

30. That on the morning that Nobbe sold the ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries.

31. That Polaris designed, manufactured, distributed and sold the ATV in the course of its business.

32. That the ATV was unreasonably dangerous when put to its reasonably anticipated use without the knowledge of its characteristics.

33. That the ATV was unreasonably dangerous as a result of Polaris to provide adequate warnings for the operations of the ATV and/or adequate warnings to Kreher of the dangers of the ATV in one or more of the following respects:

   a. Failed to provide to Kreher at the time he purchased the ATV an Owner's Manual instructing safe operation of the ATV and warning of the dangers when operating the 2015 Polaris Sportsman ACE 570 ATV;

   b. Failed to provide to Kreher or review with him at the time he purchased the ATV a Safety Video instructing safe operation of the ATV and warning of the dangers when operating the ATV; and

   c. Failed to review with Kreher at the time he purchased the ATV driving procedures for the safe operation of the ATV outlined in the Owner's Manual.

34. Polaris had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

35. In the alternative, had Polaris adequately warned Kreher of the danger of the ATV to turn over on him while operating the ATV, which was known to Polaris, but unknown to Kreher at the time of purchase, Kreher would not have purchased the ATV.

36. That at all relevant times herein, Kreher used the ATV in a manner reasonably anticipated by Polaris.

37. In the alternative, had Polaris adequately informed Kreher of the dangers of the ATV, which were known to Nobbe, but unknown to Kreher at the time of purchase, Kreher would not have purchased the ATV.

38. That as a direct and proximate cause of the unreasonably dangerous condition of the ATV as referred to above, Kreher sustained severe and permanent injuries while operating the ATV foregoing negligent acts and/or omissions of Polaris, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered a C5/6 fracture with cord injury and central canal stenosis; said injuries have caused, and which have caused, and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff, Kreher, prays that a judgment be entered in his favor and against the Defendant, Polaris Industries, Inc., a Washington corporation fora reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

## COUNT IV
### (NEGLIGENT FAILURE TO WARN- NOBBE)

COMES NOW, the Plaintiff, Ruben Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count IV of his Complaint against the Defendant, Nobbe, alleges as follows:

39. That at all times relevant herein, the Plaintiff, Kreher, was a resident of Waterloo, Monroe County, Illinois.

40. That at all relevant times herein, the Defendant, Polaris is a Washington corporation, was qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

41. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations William Nobbe & Company, a defunct Illinois corporation, and Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 and is qualified to do business in Illinois. (hereinafter "Nobbe").

42. That on April 28, 2018, and for some time prior thereto, Defendant Nobbe was engaged in the business as a dealer in the sale of farm machinery, equipment and ATVs in Waterloo, Monroe County, Illinois, and was a dealer and distributor of a 2015 Polaris Sportsman ACE 570 ATV .

43. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold

and delivered it to Kreher.

44. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois a 2015 Polaris Sportsman ACE 570 ATV for use at his residence.

45. That on the morning that Nobbe sold the above ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries.

46. Nobbe had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

47. That Nobbe owed a duty to purchasers of its ATV, including Kreher, to distribute it with reasonable care by providing adequate warnings for safe operation of the ATV.

48. That Nobbe breached its duty to warn by failing provide adequate instructions for the safe operation of the ATV and/or adequate warnings to Kreher of the dangers of the ATV in one or more of the following respects:

   a. Negligently failed to provide to Kreher at the time he purchased the ATV an Owner's Manual instructing safe operation of the ATV and warning of the dangers when operating the ATV;

   b. Negligently failed to provide to Kreher or review with him at the time he purchased the ATV a Safety Video instructing safe operation of the ATV and warning of the dangers when operating the ATV; and

   c. Negligently failed to review with Kreher at the time he purchased the ATV driving procedures for the safe operation of the ATV outlined in the Owner's Manual.

49. That as a direct and proximate cause of one or more or all of the foregoing negligent acts and/or omissions of Nobbe, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered aC5/6 fracture with cord injury and central canal stenosis; said

injuries have caused, and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff, Kreher, prays that a judgment be entered in his favor and against the Defendant, Nobbe, for a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

## COUNT V
### (NEGLIGENT FAILURE TO SUPERVISE EMPLOYEE - NOBBE)

COMES NOW, the Plaintiff, Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count V of his Complaint against the Defendant, Nobbe, alleges as follows:

50. That at all times relevant herein, the Plaintiff, Kreher, was a resident of Waterloo, Monroe County, Illinois.

51. That at all relevant times herein, the Defendant, Polaris is a Washington corporation qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

52. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations William Nobbe & Company, a defunct Illinois corporation, and

Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 and is qualified to do business in Illinois. (hereinafter "Nobbe").

53. That on April 28, 2018 , and for some time prior thereto, Defendant Polaris was engaged in the business as a manufacturer of all terrain vehicles which it sold and distributed under the trade name as a 2015 Polaris Sportsman ACE 570 ATV.

54. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold and delivered it to Kreher.

55. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois the ATV for use at his residence.

56. That on the morning that Nobbe sold the above ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries.

57. Nobbe had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

58. That Nobbe owed a duty to use reasonable care in the selection, training and supervision of its employees in advertising, marketing and selling its merchandise to ensure potential customers, including Kreher, were provided the required instructions and warning for safe operation of its merchandise providing to Kreher the required Safety Video and review the Safety Video with Kreher, on-site instructions, and providing the Owner Manual before allowing

13

a customer to leave the dealership with the product.

59. That Nobbe breached the aforesaid duty in one or more in the following respects:

a. Negligently failed to use reasonable care in the selection, training and supervision of its employees who provided inadequate instructions and familiarization of the ATV to Kreher;

b. Negligently failed to provide required warnings detailed in the Safety Video and in the Owner's Manual, none of which were provided to Kreher when Kreher purchased the ATV, when Nobbe delivered the ATV to Kreher nor before Kreher left the dealership.

60. That as a direct and proximate cause of one or more or all of the foregoing negligent acts and/or omissions of Nobbe, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered a C5-C6 fracture cord injury and central canal stenosis; said injuries have caused, and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff, Ruben Kreher, prays that a judgment be entered in his favor and against the Defendant, William Nobbe & Company, Inc. an Illinois corporation for a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

## COUNT VI

### (STRICT LIABILITY - FAILURE TO WARN- NOBBE)

NOW COMES, the Plaintiff, Kreher, by and through his attorney, O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC, and for Count VI of his Complaint against the Defendant, Nobbe, alleges as follows:

61. That at all times relevant herein, the Plaintiff, Kreher, was a resident of Waterloo, Monroe County, Illinois.

62. That at all relevant times herein, the Defendant, Polaris is qualified to do business in the State of Illinois, and is doing business in St. Clair County, Illinois.

63. That at all relevant times herein, the Defendant Sydenstricker Nobbe Partners, is a Missouri Company with its principle place of business in the state of Missouri which was formed in the merger of two corporations William Nobbe & Company, a defunct Illinois corporation, and Sydenstricker Implement Co., a defunct Missouri Corporation, which assumed all liability and assets of the two former corporations on January 1, 2020 which is qualified to do business in Illinois. (hereinafter "Nobbe").

64. That on April 28, 2018, and for some time prior thereto, Defendant Polaris was engaged in the business as a manufacturer of all terrain vehicles (hereafter "ATV"), including an ATV which it sold and distributed under the trade name as a 2015 Polaris Sportsman ACE 570.

65. That at some time prior to the date of the above accident on April 28, 2018, Polaris sold and distributed a 2015 Polaris Sportsman ACE 570 ATV with a VIN Number of 4XADAA578F7972172 (hereinafter ATV) to Nobbe, one of its dealers or distributors, who sold and delivered it to Kreher.

66. That on April 28, 2018 Nobbe sold and delivered in person to Kreher at its place of business in Waterloo, Monroe County, Illinois a 2015 Polaris Sportsman ACE 570 ATV for use at his residence.

67. That on the morning that Nobbe sold the ATV to Kreher, Kreher drove it at his residence when it turned over onto him causing Kreher to sustain serious and permanent injuries.

68. Polaris had no reason to believe that Kreher would realize the danger posed by the ATV to turn over on him while operating it.

69. That Polaris designed, manufactured, distributed and sold the ATV in the course of its business.

70. That the above ATV was unreasonably dangerous when put to its reasonably anticipated use without the knowledge of its characteristics.

71. That Polaris was unreasonably dangerous as a result of Nobbe's failure to provide adequate warnings for the operations of the ATV and/or adequate warnings to Kreher of the dangers of the ATV in one or more of the following respects:

   a. Failed to provide to Kreher at the time he purchased the ATV an Owner's Manual instructing safe operation of the ATV and warning of the dangers when operating the ATV;

   b. Failed to provide to Kreher or review with him at the time he purchased the ATV a Safety Video instructing safe operation of the ATV and warning of the dangers when operating the ATV; and

   c. Failed to review with Kreher at the time he purchased the ATV driving procedures for the safe operation of the ATV outlined in the Owner's Manual.

72. That at all relevant times herein, Kreher used the ATV in a manner reasonably anticipated by the Nobbe.

73. In the alternative, had Nobbe adequately informed Kreher of the dangers of the ATV, which were known to Nobbe, but unknown to Kreher at the time of purchase, Kreher would not have purchased the ATV.

74. That as a direct and proximate cause of the unreasonably dangerous condition of the ATV as referred to above, Kreher sustained severe and permanent injuries while operating the ATV foregoing negligent acts and/or omissions of Nobbe, Kreher sustained severe, painful and permanent injuries. Specifically, Kreher suffered a C5/6 fracture with cord injury and central canal stenosis; said injuries have caused and will cause in the future, physical pain, suffering, and mental anguish; Kreher has incurred and become liable for medical care and attention, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical, care, attention, treatment and services for his injuries in the future; that he has been unable to work and has suffered lost wages and benefits and is reasonably certain to incur lost wages and benefits in the future; he has been unable to perform activities as he has in the past and is reasonably certain to suffer impairment in his activities in the future, all of the foregoing damages resulting to the harm and injury of Kreher.

WHEREFORE, the Plaintiff, Kreher, prays that a judgment be entered in his favor and against the Defendant Nobbe, for a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of suit.

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC**

By:   /s/ *Michael J. Quillin*                    
Michael J. Quillin, #6301933
1034 South Brentwood Boulevard
Penthouse 1-A, 23rd Floor
St. Louis, MO 63117
(314) 405-9000 telephone
(314) 833-3073 facsimile
quillin@osclaw.com
*Attorneys for Plaintiff*

18