IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUBEN KREHER,  )  <br>  )  <br>          Plaintiff,  )  <br>  )  <br>vs.  )  <br>  )  <br>POLARIS INDUSTRIES, INC., and  )  <br>SYDENSTRICKER IMPLEMENTS  )  <br>COMPANY d/b/a  )  <br>SYDENSTRICKER NOBBE  )  <br>PARTNERS,  )  <br>  )  <br>          Defendants.  ) | Case No. 20-cv-126-DWD |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In April 2018, Plaintiff Ruben Kreher was seriously injured while riding a Polaris ATV that he purchased from Defendant Sydenstricker Implements Company d/b/a Sydenstricker Nobbe Partners (hereinafter "Nobbe"). In his second amended complaint (Doc. 45), Kreher alleges that his injuries were caused in part by Nobbe's negligent failure to provide adequate warnings about the dangers of the ATV, by Nobbe's negligent failure to supervise employees to ensure appropriate instructions and warnings were provided, and by Nobbe's negligent failure to train employees to provide purchasers with important safety information and warnings. Now before the Court is Nobbe's motion to dismiss Count V and Count VII of the second amended complaint (Doc. 49). For the reasons delineated below, Defendant's motion is denied.

**FACTUAL ALLEGATIONS**

On April 28, 2018, Plaintiff Ruben Kreher purchased a 2015 Polaris Sportsman

ACE 570 ATV from Nobbe, a dealer or distributer of Polaris ATVs. Kreher bought the ATV for personal use at his home, and he had no experience owning a 2015 Polaris Sportsman Ace 570 ATV before his purchase from Nobbe. He left the dealership after his purchase, and later that day, as he was riding it, the ATV turned over onto Kreher. He sustained serious and permanent injuries in the accident.

Kreher alleges that Nobbe negligently failed to warn him of the risk that the ATV could turn over on him while he operated it (Count IV). He maintains that Nobbe breached its duty to act with reasonable care by failing to warn him how to safely operate the ATV and by failing to provide him with adequate instruction about safe use. Kreher further alleges that Nobbe negligently failed to supervise its employees to ensure that the employees provided potential customers, like Kreher, with the required instructions, warnings, safety video, and owners' manual for the ATV. Kreher claims that Nobbe further failed to make sure that employees provided on-site instruction for the ATV and that they reviewed the safety video and on-site instructions with Kreher before he left with his ATV (Count V). Finally, Kreher alleges that Nobbe negligently failed to train its employees to provide important safety information and instructions to potential purchasers (Count VII).[1]

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim

---

[1] In Count VI, Kreher brings a strict liability failure to warn claim against Nobbe, but the claim is not at issue in Defendant's motion to dismiss.

is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting FED. R. CIV. PROC. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751-752 (internal quotations and citation omitted).

## ANALYSIS

### 1. Count V: Negligent Failure to Supervise Employees

Defendant argues that Plaintiff fails to state a claim for negligent supervision because Plaintiff's accident was too remote in time from any failure to supervise by Nobbe. To succeed on a claim of negligent supervision of an employee under Illinois law, a plaintiff must establish that "(1) the defendant had a duty to supervise the harming party, (2) the defendant negligently supervised the harming party, and (3) such negligence proximately caused the plaintiff's injuries." *Doe v. Coe*, 135 N.E.3d 1, 15 (Ill. 2019). Employers have a general "duty to supervise all employees" and the extent of supervision required "depends on many factors, such as the work performed, the

employees performing it, the size of the business, the type of work, and the employer's clientele, among others." *Id*. at 16. When it comes to the question of foreseeability, "only general foreseeability is required in an employment context." *Id*.

Defendant argues that Plaintiff is attempting to stretch the duty to supervise beyond acts or omissions that occurred within the scope of employment by Nobbe employees to an injury that occurred when Plaintiff operated a motor vehicle at home after his purchase and outside the presence of Nobbe employees. Nobbe cites to *Penton v. Khoshaba*, a case in which a motion to dismiss a negligent supervision claim was denied where an employer failed to ensure that an employee, who drove a tractor-trailer for the employer, had a valid driver's license. *See* 2020 WL 1637520 at *2 (S.D. Ill. Apr. 2, 2020). The Court found that it was "generally foreseeable that a motor vehicle accident could occur when an unlicensed employee is instructed to drive in the course of her employment." *Id*. at *3.

Defendant suggests, based on *Penton*, that the gap in time between Kreher's interaction with Nobbe employees and his accident negates foreseeability and that the case shows that a duty to supervise employees should not extend to events that occurred after Kreher left the dealership. Plaintiff's claims are so distinct from those in *Penton* that *Penton* is not persuasive for such an argument. Foreseeable negligence includes "conduct that imperils another person. … In many situations, the foreseeable risk that renders the defendant's conduct negligent is the risk that potential victims will act in ways that unreasonably imperil their own safety." RESTATEMENT OF TORTS 3d, Chapter 3, § 19. Here, Kreher argues that the failure by Nobbe to supervise its employees led to him leaving the

dealership with an ATV for which he lacked adequate safety instruction and information and adequate warnings about how to operate it safely. His allegations rest upon acts or omissions by employees within the scope of their employment, just as the allegations in *Penton* involved acts by an employee taken within the scope of her employment.

Defendant also suggests that Plaintiff's claim involves allegations that are too conclusory to pass muster. Kreher alleges that Nobbe had a duty to supervise its employees to ensure that employees provided potential customers with, among other things, instructions, warnings, a safety video, an owner's manual, and on-site instruction for using ATVs. Kreher claims that employees failed to provide these warnings and instructions as a result of a lack of reasonable care by Nobbe in supervising its employees adequately. In describing the alleged failures by Defendant, when reasonable inferences are drawn in his favor, Kreher clearly points to the foreseeability of Kreher operating the vehicle in an unsafe manner in the absence of the appropriate warnings and instructions, given his lack of familiarity with and his lack of information about how to operate safely the ATV. These allegations are sufficient to state a claim for negligent supervision against Nobbe.

   **2. Count VII: Negligent Failure to Train**

Defendant also alleges that Kreher fails to allege that Nobbe's failure to train its employees was a proximate cause of his injuries. To sustain a negligent failure to train claim under Illinois law, a plaintiff must establish that (1) an employer had a duty train its employees, (2) the employer negligently trained an employee, and (3) the employer's negligence in training the employee was the proximate cause of the plaintiff's injuries.

*Willyard v. Wal-Mart Stores, Inc.*, 2010 WL 487080 at *4 (S.D. Ill. Feb. 8, 2010)(citing *Van Horne v. Muller*, 691 N.E.2d 74, 79 (Ill. App. Ct. 1998) *rev'd in part on other grounds*, 705 N.E.2d 898 (Ill. 1999)). As with a negligent supervision claim, the alleged injury "must have been a reasonably foreseeable consequence of the employer's negligent failure to train …, and there must be a causal relationship between this alleged deficiency and the harm suffered." *Garrelts v. Symons Corp.*, 2010 WL 1172525 at *3 (N.D. Ill. Mar. 23, 2010)(quoting *Vancura v. Katris*, 907 N.E.2d 814, 826 (Ill. App. Ct. 2008)).

Defendant argues that Plaintiff's claim must be dismissed because his accident was too remote in time from the alleged failure to train employees for there to be a causal relationship. They point to *Garrelts v. Symons*, where the plaintiff suffered a forklift injury in the workplace and sued alleging failure to train because he was not trained on forklift safety until two months after the accident. 2010 WL 1172525 at *3. Plaintiff, however, counters that the injury was not too remote based on *Willyard v. Wal-Mart Stores, Inc.*, 2010 WL 487080 at *4. In *Willyard*, Wal-Mart's motion to dismiss a negligent training claim for failure to state a claim was denied where a plaintiff alleged that he was injured falling off of a bicycle purchased in the defendant's store. Unlike the claims in *Garrelts*, which involved the failure to train an employee to prevent the employee's injury, the allegations in *Willyard* closely mirror Kreher's claim here. Kreher was injured at home riding a ATV, rather than a bicycle, that had been on the same day sold and delivered to him by defendant.

In essence, however, the Defendant, by asserting remoteness in relationship between breach of an alleged duty and the injury, is really arguing that there is

inadequate causation between the failure to train its employees and the injury. But, because a 12(b)(6) motion should address the sufficiency of a complaint and not the merits of the claim, defendants' motion is not the proper vehicle for such an argument. See *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011) (Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the Plaintiff's claim, not an exposition of his legal argument.) If, however, defendant is attacking only the sufficiency of the allegations for not providing a short and plain statement Defendant's motion should fail. Contrary to Defendant's assertions, Plaintiff in his Second Amended Complaint specifically alleges the existence of causation in Count VII.  *(See Sec. Amend. Compl.,* ¶ 99) As noted earlier, a motion to dismiss under Rule 12(b)(6) is designed only to test the sufficiency of the complaint, not to decide the underlying merits of the case. *Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co.*, No. 07 C 5675, 2008 WL 1883466, at *2 (N.D. Ill. Apr. 25, 2008). Although mere vagueness or lack of detail will not compel dismissal, *see Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985), the complaint must allege facts, either directly or inferentially, which set forth the essential elements of the cause of action. *See Looper Maintenance Service Inc. v. City of Indianapolis,* 197 F.3d 908, 911 (7th Cir.1999). The Court finds that the Plaintiff's Second Amended Complaint provides a short and plain statement of Plaintiff's claims so as to survive Defendant's motion to dismiss.

### Requested Dismissal of Counts V and VII as Duplicative of Count IV

Defendant also seeks to dismiss Counts V and VII as duplicative of Plaintiff's failure to warn claim in Count IV. Duplicative counts in a complaint can form a basis for

dismissal. *See DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (collecting cases). The power to dismiss duplicative counts is akin to the Court's power, *sua sponte* or upon motion, to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading under FEDERAL RULE OF CIVIL PROCEDURE 12(f). *See e.g.*, *Boeschen v. Butler Transport*, 2016 WL 4617364 at *3 (S.D. Ill. Sept. 6, 2016)(finding various theories of negligence within a single count duplicative but striking pursuant to Rule 12(f) rather than dismissing the count under Rule 12(b)(6)). In weighing whether one count is duplicative of another, courts consider whether "parties, facts, and requested relief … significantly differ." *Reid v. Unilever U.S., Inc.* 964 F.Supp.2d 893, 919 (N.D. Ill. 2013)(citing references omitted). In addition to evaluating similarities between the parties and the operative facts, district courts consider whether the allegedly duplicative claims require proof of the same elements. *See Barrow v. Blouin*, 38 F.Supp.3d 916, 920 (N.D. Ill. 2014)(noting that claims that duplicative claims are those "that require proof of essentially the same elements").

As to Plaintiff's failure to warn claim, it is "well recognized that a failure to warn of a product's dangerous propensities may serve as the basis for holding a manufacturer or seller strictly liable in tort." *Woodill v. Parke Davis & Co*, 402 N.E.2d 194, 196 (Ill. 1980). To prove a claim for failure to warn, a plaintiff must demonstrate "that the defendant … knew or should have known of the danger that caused the injury, and that the defendant … failed to warn plaintiff of that danger." *Id.* at 198. This standard applies equally to failure to warn claims predicated on a negligence theory provided that the defendant knew or should have known of the risk "at the time the product left its control." *Modelski*

*v. Navistar Intern. Transp. Corp*, 707 N.E.2d 239, 246 (Ill.App. 1999).

In his failure to warn claim, Plaintiff alleges that Nobbe breached its duty to warn by failing to provide adequate instructions for safe operation of the ATV and by failing to provide adequate warnings about the dangers of the ATV. The parties and facts underlying Counts IV, V, and VII are similar in that each claim involves various ways in which certain warnings should have been, but were not, delivered to Plaintiff. Count IV, however, involves allegations of failure by Nobbe as an entity to warn of dangerous risks posed by uninformed use of the ATV while Counts V and VII center on various failures in Nobbe's employee supervision and training system. These differences, in addition to the differences between the elements of a failure to warn claim and the elements of negligent supervision and training, are sufficient to establish that Plaintiff's claims are not duplicative to the extent that they would allow double recover for the same conduct.

## Conclusion

For the above-stated reasons, the motion to dismiss filed by Defendant Sydenstricker Implements Company d/b/a Sydenstricker Nobbe Partners (Doc. 49) is **DENIED**.

**SO ORDERED.**

Dated: December 10, 2020

_____
DAVID W. DUGAN
United States District Judge