IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUBEN KREHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-126-DWD |
| ) | |
| POLARIS INDUSTRIES, INC., and ) | |
| SYDENSTRICKER IMPLEMENTS ) | |
| COMPANY d/b/a ) | |
| SYDENSTRICKER NOBBE ) | |
| PARTNERS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In April 2018, Plaintiff Ruben Kreher was seriously injured while riding a Polaris ATV that he purchased from Defendant Sydenstricker Implements Company d/b/a Sydenstricker Nobbe Partners (hereinafter "Nobbe"). In his second amended complaint (Doc. 45), Kreher alleges that his injuries were caused in part by Nobbe's negligent failure to provide adequate warnings about the dangers of the ATV, by Nobbe's negligent failure to supervise employees to ensure appropriate instructions and warnings were provided, and by Nobbe's negligent failure to train employees to provide purchasers with important safety information and warnings. Kreher's third amended complaint (Doc. 72), filed in February 2021 and more than two years following Plaintiff's injury, added strict liability and negligence claims based on alleged design defects in the Polaris ATV. Now before the Court is Nobbe's motion to dismiss the newly added claims (Counts X and XI) as time barred. For the reasons delineated below, Defendant's motion is granted.

## FACTUAL ALLEGATIONS

On April 28, 2018, Plaintiff Ruben Kreher purchased a Polaris ATV from Defendant Nobbe. While driving it later that day near his home, Kreher flipped the ATV and sustained serious injuries in the ensuing accident. Kreher filed suit on January 30, 2020. His original complaint alleged three claims against Polaris: negligent failure to warn, negligent failure to supervise dealer, and strict liability failure to warn. Kreher also alleged three similar claims against Nobbe: negligent failure to warn, negligent failure to supervise employees, and strict liability failure to warn. The complaint, however, failed clearly to state a basis for diversity jurisdiction, and an amended complaint alleging the same claims, as well as a basis for jurisdiction, was filed on February 21, 2020.

Kreher filed a second amended complaint on June 26, 2020. The second amended complaint included the same claims as the earlier complaints and added a fourth claim against Nobbe for the alleged negligent failure to train employees. On February 23, 2021, Kreher filed a third amended complaint, which added negligent design defect and strict liability design defect claims against both Polaris and Nobbe to the previously pleaded claims. Nobbe seeks to dismiss the design defect claims, arguing that they were added after the expiration of the applicable statute of limitations period and that the claims do not relate back to the original complaint. Nobbe also argues that the strict liability design defect claim is barred by Illinois law because Nobbe certified Polaris as the true manufacturer of the ATV Kreher purchased.

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint

must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting FED. R. CIV. PROC. 8(a)(2

While a plaintiff is not required to anticipate defenses in his complaint, he may effectively plead himself out of court by alleging facts that set up a statute of limitations defense. See *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir.2009) (dismissal affirmed where it was "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir.2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir.2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense")

## ANALYSIS

1. **Relation-Back of Third Amended Complaint**

Amendments of complaints are governed by Federal Rule of Civil Procedure 15.

Specifically, Rule 15(c) permits an amended pleading to relate back to the date of the original pleading in any of three circumstances: (1) when the statute of limitations governing the cause of action permits relation back; (2) when the claim or defense in the amended pleading arose from the same conduct, transaction or occurrence as set forth in the original pleading; and (3) when a new party is joined and it is not unfair for the claim against that party to be treated as if it was raised on the date the original pleading was filed. *See* FED. R. CIV. PROC. 15(c)(1). In Illinois, personal injury torts are subject to a two-year statute of limitations, and the third amended complaint was filed in February 2021, more than two years after Plaintiff's April 2018 accident. *See* 735 ILSC 5/13-202. If the third amended complaint does not "relate back" to his earlier claims, then Kreher's newly added claims are time-barred.

As a preliminary matter, the Seventh Circuit has declined to decide whether federal or state law controls the relation-back analysis in diversity cases. The Seventh Circuit has remarked, however, that "Illinois's relation-back rule is identical to the federal rule." *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008). Since the rules are "functionally identical… we need not fret over fine points" distinguishing them. *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005). As such, courts sitting in diversity over Illinois state law claims apply both Seventh Circuit and Illinois precedent in assessing whether an amended complaint relates back to an earlier complaint. *See, e.g., Washington v. Roundy's Illinois, LLC*, 2020 WL 374696, at *5 (N.D. Ill. 2020).

The relevant inquiry centers on the events alleged in the initial complaint, as "relation back is permitted … where an amended complaint asserts a new claim on the

basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996). "An amendment will relate back to the original complaint if the amendment alleges events 'close in time and subject matter' to those previously alleged, and if they 'led to the same injury.'" *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009). The question is whether "the original pleading furnishes the defendant with notice of the events that underlie the new contention." *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006)(citing 735 ILCS § 5/2-616(b)).

Nobbe contends that the design defect claims should be dismissed because they differ in time and scope from the original claims in this action. They suggest that earlier complaints drew Nobbe's attention to actions related to warnings and alleged employee failures at the time the ATV was sold to Kreher, but Nobbe maintains nothing alerted them that Kreher blamed design defects in the ATV for his injuries. Kreher counters that the design defect claims relate back to the original pleadings because, like the earlier claims, the newly added claims involve an unreasonably dangerous ATV and are based on theories of negligence and strict liability. The new claims differ only in their theory of how Nobbe was negligently or strictly liable for Kreher's injuries.

The Illinois Supreme Court specifically adopted the sufficiently-close-relationship test used by federal courts to determine whether a new claim arose out of the same transaction or occurrence as an earlier claim. *See Porter v. Decatur Memorial Hospital*, 882 N.E.2d 583 (Ill. 2008). Analyzing 735 ILCS 5/2-616, the Court in *Porter* determined that "an amendment is considered distinct from the original pleading and will not relate back

where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two sets of facts are different in character, … or (3) the two sets of facts lead to arguably different injuries." *Porter*, 882 N.E.2d at 592 (citing *In re Olympia Brewing Co. Securities Litigation*, 612 F.Supp. 1370, 1372 (N.D. Ill. 1985). The Illinois Supreme Court also noted that the legislative amendments to 735 ILCS 5/2-616 shifted the focus from the identity of the cause of action to the identity in the occurrence or transaction "bottomed on the belief that if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet plaintiff's claim, whatever theory it may be based on." *Porter* at 356-357.

The claims against Nobbe in earlier complaints involve failures to warn Kreher and to supervise employees at or near the time of the ATV purchase in April 2018. The third amended complaint adds for the first time allegations related to Nobbe's lack of care when executing its role in the ATV's design and manufacturing process prior to sale along with an alleged failure to ensure there were safety features to prevent a tip over-style accident. Thus, these allegations put forth, not just a new theory, but new conduct of a much different character. Facts supporting a failure of a seller to instruct or supervise employees regarding the operation of a product will differ significantly from facts supporting a claim based upon defects in its design or manufacture. And they do here. Moreover, the newly alleged conduct, transactions and occurrences happened to a large degree at different points in time, as the design of the 2015 ATV preceded its 2018 sale, and the new design defect claims are not based on a similar set of facts beyond the basic assertion that Plaintiff was injured while operating the ATV.

This conclusion is supported by a pre-*Porter* decision by the Illinois Appellate Court. In *Yette v. Casey's General Stores, Inc.*, 635 N.E.2d 1091 (Ill. App. 1994), the plaintiff was injured after falling on untreated ice on the defendant's property. The initial complaint alleged claims related to the defendant's failure to salt properly. The attempted amendment sought to add a claim that the injuries were also due to an unnatural accumulation of ice caused by a flaw in the building's design. In holding that the amended complaint did not relate back, the *Yette* court focused on the minimal factual overlap between the original and amended complaints, noting that the only similarity was that the plaintiff was injured falling on ice while on the defendant's property, noting that earlier complaint was "insufficient to notify defendant that the condition of its building [was] a material fact upon which plaintiff's theory of liability or cause of action [could be] predicated." *Yette*, 635 N.E.2d at 1093.

Here, upon review, the Court finds that the newly added claims do not relate back to earlier complaints filed in this action. Earlier complaints, which focused on actions and warnings at or near the time of sale, did not provide Nobbe with the requisite notice that the physical condition and design of the ATV Kreher purchased was at issue. While the same injuries are involved, the overall core of operative facts giving rise to the design defect claims is too distinct from earlier claims for the Court to find that relation back is appropriate here. As such, Kreher attempts to bring them after the expiration of the applicable two-year statute of limitations, and the strict liability and negligence-based design defect claims are time-barred.

### 2. Seller Exception to Strict Liability

Nobbe argues, and Kreher concedes, that the strict liability design defect claim also must be dismissed pursuant to 735 ILCS 5/2-621(b) because Nobbe has certified Polaris as the true manufacturer of the product at issue and Polaris is a party to the suit. In a product liability action, after "the plaintiff has filed a complaint against the manufacturer …, and the manufacturer … [has] answered or otherwise pleaded, the court shall order the dismissal of the product liability action based on any theory or doctrine against the certifying defendant … ." 735 ILCS 5/2-621(b). Under certain circumstances, however, the plaintiff may move to vacate the dismissal and reinstate the claims against the certifying defendants. *Id.* Accordingly, the Court further dismisses the strict liability design defect claim pursuant to § 2-621(b). While the statute of limitations dismissal will be with prejudice, dismissals pursuant to this statute are intended to be with leave to replead in the future, if appropriate.

### CONCLUSION

For the above-stated reasons, the motion to dismiss filed by Defendant Sydenstricker Implements Company d/b/a Sydenstricker Nobbe Partners (Doc. 72) is **GRANTED**. Plaintiff Reuben Kreher's strict liability design defect claim (Count XI) and negligent design defect claim (Count X) are **DISMISSED with prejudice** as barred by the applicable statute of limitations. Plaintiff's strict liability design defect claim (Count XI) is further subject to dismissal without prejudice pursuant to 735 ILCS 5/2-621(b).

**SO ORDERED.**

Dated: November 15, 2021

_____
DAVID W. DUGAN
United States District Judge